**MAREL CORPORATION, Plaintiff,**

v.

**ENCAD INC., Defendant.**

**No. 01–1822 (RLA).**

United States District Court, D. Puerto Rico.

Dec. 6, 2001.

Edgardo L. Rivera–Rivera, Jorge A. Fernández–Reboredo, San Juan, PR, for Plaintiff.

David C. Indiano, Indiano & Williams, PSC, San Juan, PR, for Defendant.

### ORDER DENYING REQUEST FOR TRANSFER OF VENUE

ACOSTA, District Judge.

Defendant, ENCAD, INC. ("ENCAD") has moved the court to dismiss the present action or in the alternative, to transfer these proceedings to the U.S. District Court for the Southern District of California pursuant to 28 U.S.C. § 1404 which plaintiff has vehemently opposed.

#### Background

This case was initially filed in the Puerto Rico local court and subsequently removed to this forum upon defendant's petition. Plaintiff claims violation of the provisions of the Puerto Rico Distributor's Law ("Law 75"), P.R. Laws Ann. tit. 10 § 278 *et seq.* (1976) alleging ENCAD violated the distributorship agreement entered into between them by *inter alios,* selling its products directly to other businesses.

The contract at issue in this litigation specifically provides that "any dispute shall be adjudicated only in the courts of the County of San Diego, State of Califor-

nia". *See* International Distributor Agreement, effective December 20, 1997 ¶ 14.12.

The thrust of plaintiff's argument in opposition to the enforcement of the aforementioned provision is that it runs contrary to local public policy since Law 75 specifically renders null and void "[a]ny stipulation that obligates a dealer to... litigate any controversy... regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule or law". P.R. Laws Ann. tit. 10 § 278b–2 (Supp.1991). Additionally, plaintiff alleges that it would be inconvenient to try this case in a distant forum.

Thus, the issue at this time is limited to determining the effect of the aforementioned forum selection clause.

### Forum Selection Clause

Parties to a contract frequently select in advance a particular location for adjudication of any disputes that may subsequently arise in their relationship. Their choice of forum, however, is not conclusive. Depending on the particular circumstances at hand enforcement of a forum selection clause will be evaluated under the standards developed under the common law doctrine of *forum non conveniens* or under the provisions of 28 U.S.C. § 1404(a).[1]

■ In cases where the parties' choice of forum lies in a foreign jurisdiction or in a state court, implementation of the contractual preference will be guided by the standards of *forum non conveniens* set forth in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). On the other hand, in situations where transfer to another federal jurisdiction is viable, the proper remedy is not dismissal of the complaint but rather a determination of whether transfer is proper by focusing instead on the requisites established in § 1404(a). *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Royal Bed and Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45 (1st Cir.1990); *Stereo Gema, Inc. v. Magnadyne Corp.*, 941 F.Supp. 271, 276 n. 10 (D.P.R.1996).

■ Since "transfer [according to § 1404(a) ] must be to a jurisdiction where the action could have been brought in the first place" *Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093, 1095 (1st Cir.1987) the court will, as a threshold matter, inquire as to whether jurisdiction and venue are proper in the transferee court.

Jurisdiction in this case is premised on diversity of citizenship. Plaintiff is a local corporation whereas defendant was incorporated in Delaware with its principal place of business in San Diego, California. Therefore, pursuant to 28 U.S.C. § 1391(a)[2] venue also lies with the U.S. District Court for the Southern District of California located in San Diego—which is also the parties' choice of forum.

■ Plaintiff argues that forum selection clauses in distribution contracts are null and void in Puerto Rico since they are specifically proscribed by Law 75.

However, in an action involving, precisely, a breach of dealership contract the

---

1. 28 U.S.C. § 1404(a) reads:

   For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. 28 U.S.C. § 1391(a) in pertinent part reads:

   A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district were any defendant resides, if all defendants reside in the same State....

Supreme Court specifically rejected this approach by declining to blindly apply an Alabama statute which disfavored forum selection clauses. Rather, the Court found that federal law, i.e., § 1404(a), which required the balancing of multiple interests, prevailed over the automatic application of the local provision.

> Congress has directed that multiple considerations govern transfer within the federal court system, and a state policy focusing on a single concern or a subset of the factors identified in · § 1404(a) would defeat that command. Its application would impoverish the flexible and multifaceted analysis that Congress intended to govern motions to transfer within the federal system.

*Stewart,* 487 U.S. at 31, 108 S.Ct. at 2244, 101 L.Ed.2d at 32.

Therefore, Puerto Rico's public policy *per se* may not avoid the transfer of venue under the provisions of § 1404(a).

■■■ Defendant carries the burden of proof to convince the court that transfer is warranted. There is, however, "a strong presumption in favor of the plaintiff's choice of forum." *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir.2000).

■■■ In addition to the parties' choice of forum, issues of convenience and fairness must also be taken into consideration in ruling on a motion for transfer.

> Section 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of their affairs. The district court also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to

private concerns come under the heading of "the interest of justice."

*Stewart,* 487 U.S. at 31, 108 S.Ct. at 2244, 101 L.Ed.2d at 32.

The only evidence proffered by defendant in its request for transfer are the clear terms of the contract provision selecting San Diego as their choice of forum. It has not challenged plaintiff's allegations that it would be more convenient for its witnesses to try this case locally nor that most meaningful contacts lie with this forum. According to defendant, "a comparison of burdens is not necessary in this case since the forum for litigation was predetermined by a valid forum selection clause in the contract between the parties." Reply p. 6. This preference, however, is only one of the factors to be evaluated by the court in its determination.

> The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration... nor no consideration... but rather the consideration for which Congress provided in § 1404(a).

*Stewart,* 487 U.S. at 31, 108 S.Ct. at 2244, 101 L.Ed.2d at 33.

The court having carefully reviewed defendant's petition finds no evidence indicating that transfer to San Diego is advisable "[f]or the convenience of the parties and witnesses [and] in the interest of justice". Apart from the contractual choice of forum no other justification has been articulated in favor of transferring this action to California as mandated by § 1404(a).

Accordingly, defendant's Motion Requesting Dismissal due to Improper Venue, or in the Alternative, Transfer to the Southern District of California, filed on August 1, 2001 (docket No. **11**) is **DE-**

NIED.[3]

IT IS SO ORDERED.

---

**3.** *See also* Plaintiff's Opposition... filed on September 4, 2001 (docket No. **16**) and Defendant's Reply... filed on September 10, 2001 (docket No. **17**).